| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cr-00049-JAM |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO CONTINUE THE STATUS CONFERENCE, JURY TRIAL, AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |
| AKIEAM HARRIS, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On April 1, 2020, the government filed a motion to continue Akieam Harris's status conference and jury trial and to exclude time under the Speedy Trial Act. Mot. to Continue ("Mot."), ECF No. 13. The government requests the Court continue the April 14, 2020 status conference to May 12, 2020 and continue the jury trial scheduled for May 18, 2020 to June 22, 2020. Mot. at 1. It argues that, because of the global emergency caused by COVID-19, the "ends of justice" require the Court to exclude time between March 17, 2020 and June 22, 2020. Mot. at 5 (citing 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv)). Harris opposes this motion in all respects, arguing it is premature to delay his trial when

1

the Court is scheduled to reopen to the public on May 1, 2020—two and a half weeks before his trial date.

For the reasons set forth below, the Court GRANTS the government's motion to continue Harris's status conference and jury trial. The April 14, 2020 status conference is continued to May 12, 2020 and reset as a trial confirmation hearing. The May 18, 2020 jury trial is continued to June 22, 2020. The Court also GRANTS the government's motion to exclude time between March 17, 2020 and June 22, 2020.

## I. BACKGROUND

On March 5, 2020, a grand jury returned an indictment, charging Harris with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF No. 1. One week later, Harris made his initial appearance before Magistrate Judge Barnes, where he entered a not guilty plea and demanded a speedy trial. ECF No. 7. The parties stipulated to a May 18, 2020 trial date. ECF No. 9. The Court adopted that stipulation. ECF No. 12.

Since adopting the parties' stipulation, the Court has issued three general orders: G.O. 612, G.O. 613, and G.O. 614. These supplement two previous orders: G.O. 610 and G.O. 611. The Court issued these general orders as part of a concerted, district-wide effort to slow the spread of COVID-19 without unduly hindering this district's operations. See Information Re: COVID-19 and Court Operations, Restrictions, and Closures ("E.D. Cal. Information re: COVID-19"), EASTERN DISTRICT OF CALIFORNIA, http://www.caed.uscourts.gov/caednew/index.cfm/news/covid-19-courthouse-closure-and-court-hearing-information/. Id.

Issued on March 17, 2020, G.O. 611 continued all civil and criminal jury trials scheduled to begin before May 1, 2020. It also excluded the time period entered in all criminal cases as a result of the order. See 18 U.S.C. § 3161(h)(7)(A). The Court issued G.O. 612 the next day. It provides:

> In criminal cases before the District Judges, the assigned District Judge may continue matters to a date after May 1, 2020, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, with additional findings to support the exclusion in the Judge's discretion . . . .

E.D. Cal. Information re: COVID-19. G.O. 612 also closed the Court to the public.

The Court's general orders exist alongside local and state-wide "stay-at-home orders" government officials have enacted in response to the COVID-19 pandemic. The Sacramento County order, in effect until at least May 1, 2020, prohibits "[a]ll public and private gatherings of any number of people occurring outside a single household or living unit" except as "expressly permitted." See April 7, 2020 Public Health Order, SacCounty News, http://www.caed.uscourts.gov/caednew/index.cfm/news/covid-19-courthouse-closure-and-court-hearing-information/. California's state-wide order directs "all individuals in the State of California to stay at home or at their place of residence" except as outlined in the order. Executive Order N-33-20. The state-wide order is in place "until further notice." See California Coronavirus (COVID-19) Response, CA.gov, covid19.ca.gov/stay-home-except-for-essential-needs/.

///
///

3

II.  OPINION

When a criminal defendant enters a not guilty plea, the Speedy Trial Act generally requires that his trial begin within seventy days of when he is charged or makes his initial appearance—whichever occurs later. 18 U.S.C. § 3161(c)(1). A court may, however, exclude certain periods of delay when computing this seventy-day period. 18 U.S.C. § 3161(h). For example, a court may exclude "[a]ny period of delay" that results from a continuance granted based on a judge's findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "This provision gives [a] district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs." Zedner v. U.S., 547 U.S. 489, 499 (2006).

A court may only grant an ends-of-justice continuance after considering relevant factors and making on-the-record findings. Id. Section 3161(h)(7)(B) contains a list of factors a court may consider in reaching its decision. Although this list is non-exhaustive, courts may not simply use an ends-of-justice continuance to mitigate "general congestion of the court's calendar" or account for the government's "lack of diligent preparation or failure to obtain available witnesses." 18 U.S.C. § 3161(h)(7)(C). Nor may an ends-of-justice continuance be indefinite. U.S. v. Pollock, 726 F.2d 1456, 1461 (9th Cir. 1984). As both parties acknowledge, section 3161(h)'s strategy is to "counteract substantive openendedness with procedural strictness." Mot. at 2 (quoting Zedner, 547 U.S. at 509); Opp'n

at 2-3 (quoting Zedner, 547 U.S. at 509).

The Court does not take Harris's speedy trial rights lightly. See Furlow v. U.S., 644 F.2d 764, 768 (9th Cir. 1981) ("Except for the right of a fair trial before an impartial jury no mandate of our jurisprudence is more important [than the right to a speedy trial].") The fact that Harris is detained while awaiting trial makes these rights all the more significant. See 18 U.S.C. § 3161(a). But under these extraordinary and unique circumstances, the Court finds an ends-of-justice continuance and exclusion of time is nonetheless necessary here.

As the government argues, courts have previously invoked section 3161(h)(7) while recovering from the fall-out of natural disasters and national emergencies. Mot. at 3 (citing Furlow, 644 F.2d at 767-768; United States v. Correa, 182 F.Supp. 326, 329 (S.D.N.Y. 2001)). Although, as Harris points out, the spread of COVID-19 differs in kind from Mt. St. Helen's eruption, Furlow, 644 F.2d at 767-68, and the September 11, 2001 attacks, Correa, 182 F.Supp. at 329, that difference cuts in favor of an ends-of-justice continuance. The Court is not responding to the generally known consequences of a disaster that is over; it is adapting to the still-evolving, exponential spread of a highly-contagious virus. See Covid-19, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, https://www.cdph.ca.gov/programs/cid/dcdc/pages/immunization/ncov2019.aspx. To that end, the measures this Court has adopted due to the COVID-19 pandemic—unlike those in Furlow and Correa—are not aimed at recovery; they are still aimed at prevention. The Court's suspension of jury trials, a suspension that will likely extend beyond May 1, 2020, is not merely a response to COVID-19's

deadly effects; it is an effort not to worsen them.  That these measures appear to have had some success is a reason to stay the course, not a reason to depart from it.  Contra Opp'n at 4-6.

Even if the Court reopens on May 1, 2020, in all likelihood it will not be in a position to conduct any jury trials for several weeks given the uncertainty of the number of staff, (including the Court's jury coordinators, courtroom deputies and court reporters) that will be allowed to return and the dates for their return.  Moreover, California and Sacramento County would both have to lift their stay-at-home orders before this Court could properly conduct a jury trial.  Governor Newsom has not given any indication that he will rescind his currently-indefinite order in time for this Court to conduct a jury trial on May 18, 2020.  Indeed, health experts predict California's "peak moment" could be anywhere from mid-April to mid-May.  T. Bizjak & A. Yoon-Hendricks, Here's when Experts Predict New Coronavirus Cases will Peak in California, Sacramento Region, THE SACRAMENTO BEE, https://www.sacbee.com/news/coronavirus/article241657326.html.  As the government argues, there is no vaccine to prevent or cure COVID-19; "the best way to prevent illness is to avoid being exposed to the virus.  Reply at 2.  Holding a trial on May 18, 2020 would jeopardize the safety of the parties, attorneys, jurors, witnesses, Court staff, security officers, and other Court personnel.  The Court refuses to put the health of any of these individuals at risk.

The Court has read and considered the arguments raised by Harris and the government.  The Court finds that for the reasons

6

discussed above, those stated in the government's briefings, and the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), there is good cause to exclude time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(a). The Court further finds: (i) the ends of justice served by the continuance outweigh the best interests of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus.

### III. ORDER

For the reasons set forth above, the Court GRANTS the government's motion to continue Harris's status conference and jury trial. The April 14, 2020 status conference is continued to May 12, 2020 and reset as a trial confirmation hearing. The May 18, 2020 jury trial is continued to June 22, 2020. The Court also GRANTS the government's motion to exclude time between March 17, 2020 and June 22, 2020.

IT IS SO ORDERED.

Dated: April 10, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE