UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>AKIEAM HARRIS,<br><br>            Defendant. | No.  2:20-cr-00049<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

   The Court previously scheduled a status conference in this case for April 14, 2020 and a jury trial for May 18, 2020.  But in March, the Eastern District of California began issuing general orders, restricting the Court's operations, to help minimize COVID-19's spread.  See Information Re: COVID-19 and Court Operations, Restrictions, and Closures, EASTERN DISTRICT OF CALIFORNIA, http://www.caed.uscourts.gov/caednew/index.cfm/news/covid-19-courthouse-closure-and-court-hearing-information/.  Keeping in compliance with these orders, the Court continued the status conference to May 12, 2020 and the jury trial to June 22, 2020.  ECF No. 18.  It excluded time from March 17, 2020 to June 22, 2020 under 18 U.S.C. § 3161(h)(7)(A).  Id.  A little less than two weeks later, the Court again continued the case, moving

the May 12, 2020 status conference to June 16, 2020 and the jury trial to July 20, 2020.  The government now moves to exclude time from June 22 to July 20, 2020 under the Speedy Trial Act's "ends of justice" exclusion.  Mot. to Exclude Time ("Mot."), ECF No. 22.  Harris opposes this motion.  Opp'n, ECF No. 23.[1]

For the reasons discussed below, the Court grants the government's motion.  Moreover, the Court vacates the July 20, 2020 trial date, sets this case for trial on September 14, 2020, and excludes time between June 22 and September 14, 2020 under 18 U.S.C. § 3161(h)(7)(A).

I.   BACKGROUND

On March 5, 2020, a grand jury indicted Harris, charging him with one count of being a Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1).  Harris Indictment, ECF No. 1.  A week later, Harris made an initial appearance before the magistrate judge.  He entered a not guilty plea, demanded a jury trial, and was taken into custody.  March 12, 2020 Mins., ECF No. 7.  Harris did not waive excludable time.  Instead, he invoked his right to a speedy trial.  Id.  Later that day, the magistrate judge issued an order of detention pending trial based on Pretrial Services' recommendation.  ECF No. 10.  Shortly thereafter, the parties stipulated to a May 18, 2020 trial date.  ECF No. 12.

///

///

///

---

[1] The Court sua sponte held a hearing on this motion on May 19, 2020.  ECF No. 16.

II.  OPINION

A.  Introduction

Congress enacted the Speedy Trial Act ("STA"), in part, to codify the strong public interest in speedy justice.  United States v. Pollock, 726 F.2d 1456, 1459-60 (9th Cir. 1984).  But it was also born out of Congress's "concern[] about a number of problems . . . that vex an individual who is forced to await trial for long periods of time."  Id. (citing H.R.Rep. No. 1508, 93rd Cong. 2d Sess., reprinted in [1974] U.S.Code Cong. & Ad.News 7401, 7408).  These problems include: "disruption of family life, loss of employment, anxiety, suspicion, and public obloquy."  Id.

To address these correspondent concerns, the STA sets strict time limits on the two phases of prosecution: the time period between arrest/service of summons and an indictment ("Phase 1"), and the time period between arraignment and trial ("Phase 2").  Absent an exclusion of time, Phase 1 cannot exceed 30 days and Phase 2 cannot exceed 70 days.  18 U.S.C. § 3161(b), (c).  Section 3161(h) sets forth permissible grounds for excluding time under the STA.  One of these grounds is commonly referred to as an "ends of justice" exclusion.  Provided by subsection (h)(7), this exclusion allows courts to exclude time for:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The spread of COVID-19 and the resulting court closures have made Section 3161(h)(7) the exclusion of choice in recent months.

3

Perhaps rightfully so.  District courts, to little objection, have often invoked this catch-all provision in the wake of unforeseeable, emergency circumstances.  See, e.g., Furlow v. United States, 644 F.2d 764, 768 (9th Cir. 1981) (upholding a district court's use of an ends-of-justice continuance to exclude a month-long delay following the eruption of Mt. St. Helens); United States v. Scott, 245 Fed. App'x 391, 394 (5th Cir. 2007) (upholding a district court's use of an ends-of-justice continuance following Hurricane Katrina); United States v. Sánchez-Senda, No. 2:17-cr-00529, WL 1737615, at *1 (D. P.R. 2018) (excluding time under Section 3161(h)(7) following Hurricane María); United States v. García-Báez, No. 16-cr-00691, WL 2553621, at *1 (D. P.R. 2019) (same); United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding time under Section 3161(h)(7) following the 9/11 terrorist attacks).

 Almost every court faced with the question of whether general COVID-19 considerations justify an ends-of-justice continuance and exclusion of time has arrived at the same answer: yes.  Many districts now simply resort to 2-page form orders invoking Section 3161(h)(7).  See, e.g., U.S. v. Rosales-Corria, No. 4:20-cr-00046-DN-PK, 2020 WL 2476169 (D. Utah May 13, 2020); U.S. v. Morrissey, No. 2:19-cr-00190, 2020 WL 2082929 (D. Me. April 30, 2020); U.S. v. Garza-Guzman, No. 3:20-mj-00905-MSB, 2020 WL 1433359 (S.D. Cal. March 20, 2020).  And most others, in one way or another, have wholly abandoned the type of balancing Section 3161(h)(7) requires.  See, e.g., U.S. v. Craig, No. 2:18-cr-00105, 2020 WL 2094101 (E.D. Tenn. April 30, 2020); U.S. v. Howard, No. 19-cr-00071-JLR, 2020 WL 143758 (W.D. Wash. March 24,

2020); U.S. v. Musquiz, No.4:18-cr-03116, 2020 WL 1284941 (D. Neb. March 16, 2020).  Only one court has denied the Government's request for an ends-of-justice continuance.  Elms v. United States, No. 3:20-cv-00253-MMD-CLB, 2020 WL 2085970 (D. Nev. April 30, 2020).

Although arriving at a different result, this Court agrees with the principle set forth in Elms that courts must conduct far more deliberate inquiries into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.

B.   Legal Standard

The STA permits defendant, defense counsel, and the government's counsel to seek an ends-of-justice continuance.  18 U.S.C. § 3161(h)(7)(A).  A court may also grant an ends-of-justice continuance on its own motion.  Id.  Regardless of who seeks the continuance, a court must satisfy itself of each of Section 3161(h)(7)'s requirements before granting the motion. As a preliminary matter, "an ends of justice exclusion must be "specifically limited in time."  United States v. Ramirez-Cortez, 213 F.3d 1149, 1154 (9th Cir. 2000).  Although Section 3161(h)(7) permits district courts to exclude "any period of delay," the Ninth Circuit has underscored that this temporal flexibility does not permit an ends-of-justice continuance to be indefinite.  U.S. v. Jordan, 915 F.2d 563, 565 (9th Cir. 1990); U.S. v. Pollock, 726 F.2d 1456, 1461 (9th Cir. 1984).

Moreover, an ends-of-justice continuance must be "justified [on the record] with reference to the facts as of the time the delay is ordered."  United States v. Ramirez-Cortez, 213 F.3d

5

1149, 1154 (9th Cir. 2000) (emphasis in original) (internal quotations omitted).  After independently considering factors listed in Section 3161(h)(7)(B), "among others," a judge must determine whether "the ends of justice served [by granting a continuance" outweigh "the best interest of the public and the defendant in the speedy trial."  18 U.S.C. § 3161(h)(7)(A).

The STA "imposes strict specificity requirements" on these findings.  United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997).  "[T]he 'ends of justice' exclusion . . . may not be invoked in such a way as to circumvent the time limitations set forth in the [Speedy Trial] Act."  U.S. v. Clymer, 25 F.3d 824, 829 (9th Cir. 1994).  The ends-of-justice provision "is not a general exclusion for every delay, and any continuance granted under it must be based on specific underlying factual circumstances."  U.S. v. Martin, 742 F.2d 512, 514 (9th Cir. 1984).  Judges are not entitled "to rely on the unverified claims" of the party seeking a continuance.  Id. at 1270.  Nor may they conclude that one of the Section 3161(h)(7)(B) factors justify a continuance without tethering that conclusion to case-specific considerations.  U.S. v. Perez-Reveles, 715 F.2d 1348, 1352 (9th Cir. 1983) ("Although the complexity of the case is a permissible factor . . . the mere conclusion that the case is complex is insufficient.").

A judge must set forth these findings on the record, either orally or in writing.  18 U.S.C. § 3161(h)(7)(A).  See also Zedner v. United States, 546 U.S. 489, 509 (2006); Ramirez-Cortez, 213 F.3d at 1153.  A judge need not issue its specific findings "at the precise moment it grants a[n ends-of-justice]

6

continuance." U.S. v. Bryant, 726 F.3d 510, 511 (9th Cir. 1984). That said, Section 3161(h)(7)'s analysis is a forward-looking inquiry. "A court may not, 'subsequent to the grant of a continuance, undertake for the first time to consider the factors and provide the findings required by [section 3161(h)(7)(A)].'" Jordan, 915 F.3d at 566 (quoting United States v. Frey, 735 F.2d 350, 352 (9th Cir. 1984)); see also Frey, 735 F.2d at 352 (holding that a district court may not make nunc pro tunc ends-of-justice findings to accommodate an "unwitting violation of the [Speedy Trial] Act.").

   C.   Analysis

Before granting an ends-of-justice continuance, a judge must weigh "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Because Section 3161(h)(7)(A) requires this balancing to be case-specific, the Court cannot find that considerations surrounding COVID-19's impact on public safety and this Court's operations will, in every case, outweigh the best interest of the defendant and the public in a speedy trial. And although ends-of-justice interests and speedy-trial interests are concededly abstract, a judge must nevertheless attempt to define them in each case and assess which set of interests is weightier under the circumstances. The factors set forth in Section 3161(h)(7)(B), "among others," aid in this analysis.

      1.   Impossibility – Section 3161(h)(7)(B)(i)

This Court must first consider whether its failure to grant an ends-of justice continuance "would be likely to make a

7

continuation of [the] proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(B)(i). Here, this factor weighs heavily in favor of granting a continuance. The state of California has made important strides in controlling the impact of COVID-19 statewide and in this district's community. The virus, however, continues to spread. State and local shelter-in-place orders are still in effect. Although this district's general orders grant each judge discretion on when to resume with in-person proceedings, the undersigned finds it unlikely that an in-person jury trial can safely occur in his courtroom prior to September 2020. If the Court does not grant this continuance, Harris's speedy-trial clock will run out. At that point, the government will have to dismiss the charges brought against him. 18 U.S.C. § 3162. While the government may sometimes re-indict a defendant for previously-dismissed charges, re-indictment could prove to be a difficult—if not impossible— task since federal grand juries are currently figuring out how they can safely resume convening on a regularly-scheduled basis. Consequently, the Court finds its failure to grant an ends-of-justice continuance in this case "would be likely to make a continuation of [this] case impossible." 18 U.S.C. § 3161(h)(B)(i).

    The Court pauses here to note that the statute makes this a factor but one of several to consider in determining whether an ends-of-justice continuance is appropriate. This provision illustrates Congress contemplated the possibility that, under some circumstances, a court's decision not to grant an ends-of-justice continuance might ultimately prevent the government from

prosecuting someone.  But by declining to make this factor dispositive, Congress indicated that the possibility of non-prosecution, though worthy of mandatory consideration, is not the end-all-be-all in determining whether an ends-of-justice continuance is appropriate.

      2.   Complexity – Section 3161(h)(7)(B)(ii)

Judges must also assess whether a case "is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the STA's prescribed limits.  18 U.S.C. § 3161(h)(7)(B)(ii).  The "number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" may give rise to a judge's complexity finding.  Id.  The Court does not find this case complex and all parties seem to concede this issue.

      3.   Pre-indictment Delay – Section 3161(h)(7)(B)(iii)

In cases where an arrest precedes indictment, judges must consider whether a delay in filing the indictment was caused by one of two circumstances: (1) the arrest occurred "at such a time that it is unreasonable to expect return and filing of the indictment" within the STA's time limits, or (2) "the facts upon which the grand jury must base its determination are unusual or complex."  This factor is only relevant to the STA's "Phase 1" timing limits.  It has no bearing on this case's analysis.

      4. Competency/Continuity of Counsel – Section 3161(h)(7)(B)(iv)

Section 3161(h)(B)(iv) requires judges to consider counsels' ability to prepare and present their case, even when the case is

9

not so complex that it bears independent consideration under the "complexity" factor. Under this factor, judges must ask whether denying an ends-of-justice continuance would (1) deny defendant reasonable time to obtain counsel, (2) "unreasonably deny" either party continuity of counsel, or (3) deny either parties' counsel "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

This consideration intersects with COVID-19 in obvious ways. The intuitive appeal of this factor does not, however, free judges from making case-specific findings. When invoking this provision, "[t]he government should [offer] something about the specific people and documents involved in the underlying case, why they were unavailable, or what information they were looking for they lacked access to because of teleworking or other conditions created by COVID-19." Elms, 2020 WL 2085970, at *2. Here, the government invokes its inability to "safely meet and prepare [witnesses]" and "gather additional evidence to be introduced at trial." Mot. at 3-4. Specifically, the government maintains it cannot obtain a record of Harris's criminal convictions due to state court closures. Id. Harris responds that "[n]ot being able to meet in person, albeit less than ideal, does not amount to an inability to locate witnesses, interview them, and diligently prepare for trial." Opp'n at 4. And although he has not done so already, Harris represents that he would be willing to stipulate past criminal convictions if the case proceeded to trial. Id. The government did not file a reply. It did, however, raise an additional argument at the

hearing that Harris recently provided the government with discovery concerning his factual innocence defense.  The government argues it needs additional time to investigate this defense.

The undersigned does not find that the issues with trial preparation the government has identified are sufficient to warrant exclusion of time for this specific reason.  As Harris notes, the spread of COVID-19 does not completely obviate this factor's "due diligence" requirement.  To be sure, "due diligence" may look different today than it did pre-pandemic.  But if individuals presumed innocent are required to remain detained pending trial, the government must show it is making some effort to move the ball forward.  The Government is making such an effort and the Court is confident that it can be fully prepared for trial in September 2020.  This factor, therefore, weighs in favor of honoring Harris's and the public's speedy trial rights.

5. "Other" Factors – Section 3161(h)(7)(B)

Section 3161(h)(7)(B) instructs that judges must consider the enumerated factors, "among others."  Other than the prohibited considerations discussed below, the statute is silent about what non-statutory factors judges should consider.  The Court interprets this silence as conferring broad discretion to consider factors it deems relevant based upon the specific facts of the case and surrounding circumstances.  Indeed, in Lloyd, the Ninth Circuit criticized the district court judge for failing to take non-statutory considerations into account.  125 F.3d at 1269 (finding the district judge should have considered whether the

11

parties "actually want[ed] and need[ed] a continuance, how long a delay [was] actually required, [and] what adjustments [could have been] made with respect to the trial calendars [to avoid a continuance].").

The caselaw surrounding COVID-19 ends-of-justice continuances is insufficiently robust for this court to obtain guidance from others on what non-statutory factors it should consider under these circumstances. But bearing in mind the need to balance the ends of justice served by granting the continuance against the interests of the public and the defendant in a speedy trial, the Court finds the following factors relevant:

- Whether the defendant is detained pending trial;
- Whether COVID-19 is present in the facility where the defendant is detained (and if so, whether the defendant belongs to a population that is particularly susceptible to the virus);
- Whether the court can safely conduct a jury trial;
- Whether the defendant has invoked his speedy trial rights since the case's inception;
- How long the defendant has been detained;
- Whether the defendant is charged with a violent crime or has a history of violent crime;
- Whether the defendant was denied bail solely because of the risk of nonappearance; and
- Whether there is a specific reason to suspect recidivism if charges are dismissed.

A defendant's interest in a speedy trial is higher when he is detained awaiting trial, is detained in dangerous conditions,

has invoked his speedy trial rights since the case's inception, and/or has been detained for a particularly long period of time. Alternatively, the ends of justice served by issuing a continuance are higher when the court lacks the ability to safely hold a jury trial, when a defendant is charged with a particularly violent crime, and when there are other indications that a defendant may pose a danger to society or risk of recidivism if the STA clock runs and the charges are dismissed.

The undersigned finds that the Court is currently unable to safely hold a jury trial, and that it likely will not be able to hold a jury trial until at least September 2020.  The counties that make up the Eastern District of California are still reporting new COVID-19 cases, along with new COVID-19-related deaths.  To date, there is no treatment, cure, or vaccine for COVID-19.  Nor does there appear to be one on the horizon.  The undersigned recognizes that predicting the trajectory of this virus and its impact on the Court comes with a fair measure of speculation.  But based on current circumstances and the uncertainty that still looms largely around this novel coronavirus and how to effectively treat it, the undersigned finds it reasonable to conclude that he will not be able to safely hold jury trials for, at least, another four months.  The undersigned's current and pending inability to hold trials in a way that promotes public safety weighs in favor of granting a continuance.

The undersigned also finds Harris has been in custody since March 2020 on a Felon-in-Possession charge.  Harris's detention and early invocation of his speedy trial rights heightens his

13

interest in a speedy trial, but his criminal history, including domestic violence convictions, weighs heavily in favor of granting the government's requested continuance— particularly when viewed in light of the pending firearm charge.  Harris has multiple convictions for inflicting corporal injury on a spouse/cohabitant.  He has had several protection orders issued against him on behalf of both adults and minor children.  And his serial probation violations suggest a high risk of recidivism if Harris's speedy trial clock ran out and the government had to dismiss his charges.

6. Prohibited Considerations – Section 3161(h)(7)(C)

The STA bars judges from granting ends-of-justice continuances based on (1) "general congestion of the court's calendar," (2) the government's "lack of diligent preparation," or (3) the government's "failure to obtain available witnesses." 18 U.S.C. § 3161(h)(7)(C).  The Ninth Circuit has also held that the negotiation of a plea bargain is not a factor that may support granting an ends-of-justice continuance.  Ramirez-Cortez, 213 F.3d at 1156 (citing Perez-Reveles, 715 F.2d at 1352).  The Court does not take any of these prohibited considerations into account.

7. Conclusion

This Court does not take lightly either Harris's or the public's strong interests in a speedy trial.  But after carefully weighing the factors discussed above, the undersigned finds that the ends of justice served by granting a continuance in this case currently outweigh those speedy-trial interests.
///

14

III.   ORDER

The Court GRANTS the government's motion.  The Court VACATES the July 20, 2020 trial date and sets this case for trial on September 14, 2020 at 9:00 a.m.  The Court further sets a Trial Confirmation Hearing for August 11, 2020 at 9:15 a.m. For the reasons set forth above, the time between June 22 and September 14, 2020 is excluded under 18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED.

Dated: May 19, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE